**DICKINSON WRIGHT PLLC**
JOHN L. KRIEGER
Nevada Bar No. 6023
Email: jkrieger@dickinson-wright.com
JOANNA M. MYERS
Nevada Bar No. 12048
Email: jmyers@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (702) 382-1661
*Attorneys for Plaintiff*

DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SMP GmbH & Co KG,<br>Plaintiff,<br><br>v.<br><br>ONU.COM, an Internet domain name,<br>Defendants. | CASE NO.<br>DEPT.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

For its complaint, SMP GmbH & Co KG ("SMP"), alleges the following.

**NATURE OF THE CASE**

This is an in rem action against the <onu.com> domain name (the "Defendant Domain Name") based on the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). Plaintiff seeks preliminary and permanent injunctive relief and the transfer of the registration of the Defendant Domain Name.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has in rem jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d) and 28 U.S.C. § 1655 and interpretive case law. Upon information and belief, this Court cannot exercise personal jurisdiction over the registrant of the Defendant

Domain Name, as the registrant is located outside of the State of Nevada and/or the Defendant Domain Name is not linked to a website that is interactive. As a separate and independent basis for in rem jurisdiction, upon service of this Complaint upon the registry and/or registrar of the Defendant Domain Name, the registry and/or registrar will provide documents sufficient to establish control and authority regarding the disposition of the registration and use of the Defendant Domain Name with the Court and, therefore, the situs of the Defendant Domain Name is, or will be, in this judicial district.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and 1391(c). Venue lies in the unofficial Southern division of this Court.

**PARTIES**

4. Plaintiff is a German company with its principal place of business in Stuttgart, Germany.

5. Upon information and belief, <onu.com> is an Internet domain name registered to C3 Holding GmbH, a company with its principal place of business in Markt Hartmannsdorf, Austria.

6. Upon information and belief, <onu.com> is registered through World4You Internet Services GmbH, an Internet domain name registrar located in Linz, Austria.

**RELEVANT FACTUAL ALLEGATIONS**

7. Plaintiff owns WG-Gesucht.de, located at www.wg-gesucht.de, which is Europe's largest portal for tenants and landlords looking to rent flats, apartments, and houses. WG-Gesucht.de has approximately 8 million visitors every month. Notwithstanding its European base, the portal is available to and can be used by residents of the United States.

8. In addition to European destinations, WG-Gesucht.de also allows users locate real estate for rent in the United States in 101 cities, made possible in part through its partnership with U.S.-based Airbnb, which includes properties located in Las Vegas, Nevada.

9. In or around 2013, Plaintiff began to consider expanding its offerings in the United States to include a home-sharing platform, and conceived a new brand that would become

DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210

known as ONU.

10. On or about October 25, 2013, Plaintiff acquired the <onu.com> domain name registration for its new ONU brand from NameJet, a domain name registration reseller located in the United States, for Thirty Thousand One Hundred Dollars ($30,100.00). Plaintiff immediately moved the registration into its account with eNom, a domain name registrar located in the United States and placed a "lock and hold" on the registration so as to protect the registration from an inadvertent transfer.

11. Plaintiff also filed for a trademark registration on the ONU mark in Germany.

12. Plaintiff began working diligently on developing the ONU platform, as well as the brand and how it would be introduced into the market.

13. Plaintiff has spent hundreds of thousands of dollars and countless man hours preparing for the launch of ONU, which was anticipated to occur in or around the fall of 2016.

14. In fact, the new platform for <onu.com> has been built and is ready for launch by September 30, 2016.

15. Plaintiff owns rights in the ONU mark, which has been used in commerce in the United States.

16. For example, in or around November 2014, Plaintiff representatives met with U.S.-based investors located in Palo Alto, California and New York, New York, among others, to seek capital investment in ONU.

17. During its meetings with U.S. investors, Plaintiff presented information about its ONU branded platform through various visual and printed media.

18. All such media conspicuously displayed Plaintiff's ONU trademark.

19. In anticipation of the impending launch, Plaintiff ensured the registration fees on the <onu.com> domain name registration were fully paid and that the registration was locked.

20. On or about May 30, 2016, Plaintiff's CEO received an email from a third party offering to sell the <onu.com> domain name registration to Plaintiff for Twenty Nine Thousand Dollars ($29,000.00). Plaintiff immediately checked its account and discovered the <onu.com> domain name registration was no longer there. It had been stolen.

DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210

21. Upon information and belief, the third party who offered to sell Plaintiff's domain name back to Plaintiff has been connected with other domain name sales scams.

22. Plaintiff's account with eNom is maintained on a protected computer system and access to the account is restricted to only a limited number of people at Plaintiff with the username and password for the account. Plaintiff conducted a thorough internal investigation and concluded that the transfer had not occurred from within Plaintiff.

23. Plaintiff spent several weeks attempting to resolve the issue with eNom and attempting to reclaim the <onu.com> registration, but to no avail.

24. According to the Defendant Domain Name's WhoIS records, the theft occurred on or about March 19, 2016, and appears to have been perpetrated by an individual or organization located in China.

25. In the three short months following the theft, WhoIS records show that the defendant Domain Name was transferred at least five times, including between at least three Chinese registrants, under the names "Zhutao," "Zhangzhipoo" of "Xiamenjinpaiwangluokejiyouxiangongsi," and "Wangyalong," a registrant in the Bahamas who shielded its identity through a privacy service, a registrant in Germany, and then to a registrant in Austria. During this short time, the Defendant Domain Name was also transferred between two different registrars.

26. This activity is highly suspicious and clearly evidences a bad faith intent to register and profit from the registration of the Defendant Domain Name.

27. Despite diligent inquiry, Plaintiff has been unable to identify a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

28. Upon information and belief, the registrant stole the <onu.com> domain name registration and has not linked it to an active website, but, instead, has "parked" it at World4You Internet Services GmbH and is offering the Defendant Domain Name for sale. A true and accurate copy of the parking page linked to <onu.com > is attached hereto as **Exhibit A**. *See also* a true and accurate screen capture of Domain Tools, advertising the Defendant Domain

DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210

DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210

Name for sale attached hereto as **Exhibit B**.

29. The Defendant Domain Name is extremely valuable to Plaintiff and represents years of investment, and is critical to Plaintiff's launch of its ONU brand, which is scheduled to occur on or by October 30, 2016.

30. Upon information and belief, the Defendant Domain Name was registered with the bad faith intent to profit from a resale of the domain name.

31. Upon information and belief, the Defendant Domain Name was registered with the intent to damage Plaintiff's reputation and the good will it had been developing in the ONU brand.

32. The Defendant Domain Name was registered without the consent of Plaintiff.

33. Upon information and belief, the registrant of the Defendant Domain Name has no trademark or other intellectual property rights in the Defendant Domain Name.

34. Upon information and belief, the registrant of the Defendant Domain Name has no prior use of the Defendant Domain Name in connection with the bona fide offering of any goods or services.

35. Upon information and belief, the registrant of the Defendant Domain Name made no bona fide non-commercial or fair use of the Defendant Domain Name in a site accessible under the domain name.

36. Upon information and belief, the registrant of the Defendant Domain Name did not believe or have reasonable grounds to believe that the use of the Defendant Domain Name was a fair use or otherwise lawful.

**COUNT I**
(Cybersquatting Under The Lanham Act, 15 U.S.C. § 1125(d))

37. Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

38. The registrant of the Defendant Domain Name has registered, trafficked in, and/or used a domain name that is identical or confusingly similar to Plaintiff's ONU mark.

39. Upon information and belief, the registrant of Defendant Domain Name has or

has had a bad faith intent to profit from Plaintiff's ONU mark.

40. As a direct and proximate result of such conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

41. Plaintiff is being harmed through loss of prospective traffic to its business, loss of income, loss of business and loss of prospective business opportunities.

42. Accordingly, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Plaintiff is entitled to an order transferring the Defendant Domain Name registration to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A. A temporary restraining order and preliminary injunction requiring World4You Internet Services GmbH (the domain name registrar) and/or Versign, Inc. (the .com domain name registry), to remove or disable the current domain name server information of the registration for the Defendant Domain Name, place the Defendant Domain Name on "lock" and transfer the domain name to a registrar account designated by Plaintiff for the pendency of the case.

B. A permanent injunction requiring World4You Internet Services GmbH and/or Verisign, Inc. to release the "lock" on the Defendant Domain Name and maintain the transfer to Plaintiff and account with Plaintiff's chosen registrar; and

C. All other relief to which Plaintiff is entitled.

DATED this 12th day of September 2016.

DICKINSON WRIGHT PLLC

JOHN L. KRIEGER
JOANNA M. MYERS
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (702) 382-1661
*Attorneys for Plaintiff*

DICKINSON WRIGHT PLLC
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210