**DICKINSON WRIGHT PLLC**
JOHN L. KRIEGER
Nevada Bar No. 6023
Email: jkrieger@dickinson-wright.com
JOANNA M. MYERS
Nevada Bar No. 12048
Email: jmyers@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (844) 670-6009
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| SMP GmbH & Co KG,<br><br>             Plaintiff,<br><br>vs.<br><br>ONU.COM, an Internet domain name,<br><br>             Defendant. | CASE NO. 2:16-cv-02147-APG-CWH<br><br>**PLAINTIFF'S MOTION AND ORDER FOR LEAVE TO FILE DOCUMENTS UNDER SEAL INTENDED TO BE ATTACHED TO PLAINTIFF'S EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE AND MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff SMP GmbH & Co KG, by and through its counsel, hereby moves the Court for leave to file the following documents under seal at the time Plaintiff files its Emergency *Motion for Temporary Restraining Order Without Notice and Motion for Preliminary Injunction*:

1. Declaration of Andreas Hermann in Support of Plaintiff's Motion for Temporary Restraining Order Without Notice and Motion for Preliminary Injunction ("Hermann Decl.") attached as Exhibit A to Plaintiff's Emergency Motion for Temporary Restraining Order Without Notice and Motion for Preliminary Injunction.

2. NameJet Order Confirmation dated October 24, 2013, and Information on Wire Transfer dated October 25, 2013, attached as Exhibit 1 to Hermann Decl.

3. Screenshot of Plaintiff's NameJet account showing its ownership of the <onu.com> domain name attached as Exhibit 2 to Hermann Decl.

4. Document titled "The Real Estate Portal for Tenants and Landlords in USA" attached as Exhibit 4 to Hermann Decl.

5. Email from third party offering to sell stolen domain name to Plaintiff attached as Exhibit 5 to Hermann Decl.

6. Email correspondence between Plaintiff and eNom regarding the theft of <onu.com> domain name attached as Exhibit 6 to Hermann Decl.

This Motion is made and based upon the following memorandum of points and authorities, the pleadings and papers on file herein and any oral argument of counsel to be made at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff respectfully moves for leave to file under seal certain exhibits that disclose confidential trade secret information.

### I. LEGAL ARGUMENT

A party seeking to preserve the secrecy of a document attached to a motion needs to show "compelling reasons" as to why the document should be protected against public disclosure, notwithstanding the general presumption of public access. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). Moreover, the presumption in favor of public access to court documents "does not mandate disclosure in all cases." *San Jose Murcury News, Inc.*, 187 F.3d at 1102. In *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978), the Supreme Court held that "the right to inspect and copy judicial records is not absolute," noting that "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598. In *Kamakana*, the Ninth Circuit reiterated this principle, while indicating that "compelling reasons" must be articulated to maintain the secrecy of material attached to dispositive motions, rather than the "good cause" showing required to seal documents filed in a non-dispositive motion context. 447 F.3d at 1179. "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). For example, in *Electronic Arts, Inc. v. United States District Court*, 298 Fed. Appx. 568 (9th Cir. 2008), the Ninth Circuit held, on writ of mandamus, that commercially sensitive information, such as pricing terms, royalty rates, and guaranteed minimum payments terms in a licensing agreement, was confidential, and there was a "compelling reason" to maintain it under seal. *Id*. Critically, the lower court's decision refusing to seal the information was overturned as an abuse of discretion. As the court stated:

> In *Kamakana,* we held that "[u]nless a particular court record is one 'traditionally kept secret,' a strong presumption in favor of access is the starting point." *Id.* at 1178. The party seeking to seal a judicial record must then overcome the presumption by demonstrating "compelling reasons" for sealing the document. We wrote further, however, that "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)).
>
> This is the precise sort of information EA seeks to seal in this case—the pricing terms, royalty rates, and guaranteed minimum payment terms found in paragraph 6 of the 2006 Licensing Agreement. .. . Therefore, under *Kamakana* and *Nixon,* the district court erred as a matter of law by concluding that EA failed to meet the "compelling reasons" standard. EA has no adequate means, other than mandamus, to attain relief. ***Once paragraph 6 of Trial Exhibit 80 is released to the public, EA will be irreparably damaged in a way not correctable on appeal.*** See *Bittaker v. Woodford*, 331 F.3d 715, 718 (9th Cir. 2003) ("Appeal after final judgment cannot remedy the breach in confidentiality occasioned by erroneous disclosure of protected materials.") (quoting *In re Ford Motor Co.,* 110 F.3d 954, 962-64 (3d Cir. 1997)).

298 Fed. Appx. at 569 (emphasis added).

As detailed below, compelling reasons support sealing these materials because they identify Plaintiff's trade secrets and other confidential corporate information including, for example, Plaintiff's sales and expense figures, price and profit information, market forecasts, revenue and operating costs, future marketing strategies, and confidential information regarding the Plaintiff's principals that would cause Plaintiff serious competitive harm if it were to be made public. The information at issue is extremely confidential, has not been disclosed to the public, and is protected internally by Plaintiff. If disclosed, the information would provide

1 Plaintiff's competitors a strategic and unfair business advantage against Plaintiff in the marketplace and would irreparably damage Plaintiff. Such harm to Plaintiff outweighs any slight interest the public may has in this information.

### A.     Documents 1 and 4 Must Be Sealed.

"Compelling reasons" exist for sealing Exhibit A and Exhibit 4 thereto identified above, namely the Hermann Decl. and Plaintiff's presentation to U.S. investors titled "The Real Estate Portal for Tenants and Landlords in USA," because they contain confidential information, including, for example, Plaintiff's trade secrets, future marketing strategies, sales revenue and expenses, market share, market research, consumer development data, website analytics, and price and profit margins.

As mentioned, the Ninth Circuit has held that "compelling reasons" for sealing exists whenever the release of particular document might become a vehicle for improper purposes, such as the release of trade secrets. *Kamakana*, 447 F.3d at 1179. The Ninth Circuit has adopted the Restatement's definition of "trade secret." *See Ultimate Timing, L.L.C. v. Simms*, 2010 WL 786021, at *1-2 (W.D. Wash. Mar. 4, 2010) (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)). Under that standard, a "trade secret may consist of any formula, pattern, device or <u>compilation of information which is used in one's business</u>, and which gives him an opportunity to obtain an <u>advantage over competitors who do not know or use it</u>." *Id*., 2010 WL 786021, at *2 (emphasis added) (quotations omitted). Even if the technical definition of trade secrets were not met in this case, which they are, "compelling reasons" exist where the documents to be sealed are "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

Documents 1 and 4 contain specific data regarding Plaintiff's sales, expenditures, number of consumers, marketing strategies, and consumer development data, among other confidential corporate information. This type of data constitutes protectable trade secrets and easily satisfies this standard. *Bean v. John Wiley & Sons, Inc.* 2012 WL 1078662, at *5-6 (D. Ariz. Mar. 30 2012) (sealing information about market penetration, revenue, and production numbers in charts). Specifically, Plaintiff's presentation to U.S. investors titled "The Real Estate Portal for

Tenants and Landlords in USA" (Document 4 above) outlines and specifies Plaintiff's confidential business information including details about its marketing strategy, market share, graphs of user data, number of Plaintiff's consumers, revenue figures, customer testimonials, future market research, analysis and projections, and Plaintiff's business model. If such a disclosure were made, particularly of Document 4, Plaintiff's competitors could use the information to Plaintiff's detriment. The competitive harm that would result from disclosure of this information outweighs the public's interest in access to this information. Further, this information is not related to the central issues to be decided in this case. Accordingly, this proprietary and confidential information must be sealed.

Similarly, the Declaration of Andreas Hermann (Document 1 above) contains full accounting of Plaintiff's confidential business information. In addition to data about Plaintiff's customers and market share, it also includes the steps Plaintiff has taken and its plan to launch its ONU platform, activities which have not yet been made public. Moreover, any document filed publicly with this Court would be instantly made available on the Internet and used by Plaintiff's competitors to discredit and/or harm Plaintiff's reputation and good will. Again, the harm Plaintiff would suffer from disclosure outweighs the public's interest in access to this information and it should be sealed.

In the alternative, should this Court determine the Hermann Declaration should not be sealed in its entirety, Plaintiff has submitted a redacted version of the declaration for the Court's in camera review and ask that only the redacted version be placed on the public record.

**B.     Documents 2, 3, and 6 Must Be Sealed.**

"Compelling reasons" also exist to seal Exhibits 1, 2, and 6 to the Hermann Declaration identified above as Documents #2, #3, and #6. These documents contain confidential information such as the private contact information of Plaintiff's CEO, information about Plaintiff's acquisition of the <onu.com> domain name banking account information and financial data, and communications regarding Plaintiff's confidential domain name account. If these documents are not sealed, Plaintiff's confidential business activities related to its acquisition of the domain name and domain name account information would become public and could be used as a

vehicle by Plaintiff's competitors for improper purposes.

Specifically, Document 2 contains email correspondence to and from Plaintiff's CEO regarding its private NameJet account and wire transfer details for Plaintiff's acquisition and payment for the <onu.com> domain name and is a confidential business record. Document 3 is a screenshot of Plaintiff's confidential domain name account with NameJet, the name and contact information for Plaintiff's CEO, and Plaintiff's account balance status, which is, again, a confidential business record. Document 6 consists of private correspondence between Plaintiff's CEO and eNom regarding the theft. Although the information is helpful to the Court in being able to establish bad faith intent, the content of the communication is ancillary and need not be disclosed upon the public record. Confidential business information merits secrecy and outweighs the public's interest in disclosure. *See e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221–22 (Fed.Cir.2013) (applying Ninth Circuit law regarding competitive harm to business and the definition of "trade secret").

Plaintiff submits that the foregoing considerations qualify as "compelling reasons" for sealing these documents under *Nixon*, *Kamakana*, *Electronic Arts*, and their progeny. If disclosed, these confidential records could be used by Plaintiff's competitors to gain an unfair advantage. Such damage outweighs any interest the public has for access to these documents. Accordingly, these documents should be sealed.

## II.     CONCLUSION

Plaintiff is not requesting that the Court seal the entire record. Rather, Plaintiff seeks only to have the Court seal documents that could disclose Plaintiff's confidential corporate information and trade secrets. The damage that would result from filing these documents without seal, could not be corrected on appeal. Moreover, the public has no countervailing "compelling need" for access to Plaintiff's confidential and trade secret information.

/ / /

/ / /

/ / /

/ / /

IN VIEW OF THE ABOVE, Plaintiff respectfully requests that its *Motion for Leave to File Documents Under Seal Intended to be Attached to Plaintiff's Emergency Motion for Temporary Restraining Order Without notice and Motion for Preliminary Injunction* be granted.

DATED this 12th day of September 2016.

                                             Respectfully Submitted,

                                             DICKINSON WRIGHT PLLC

                                             /s/ John. L. Krieger
                                             John L. Krieger, Esq.
                                             Joanna M. Myers, Esq.
                                             8363 West Sunset Road, Suite 200
                                             Las Vegas, Nevada 89113-2210
                                             Tel: (702) 550-4400
                                             *Attorneys for Plaintiff*

IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

DATED:  September 13, 2016