UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SMP GmbH & Co KG,<br><br>                    Plaintiff,<br><br>vs.<br><br>ONU.COM, an Internet domain name,<br><br>                    Defendant. | CASE NO.  2:16-cv-02147-APG-CWH<br><br>***EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING ON PRELIMINARY INJUNCTION**<br><br>(ECF No. 6) |

      The plaintiff has filed Emergency Motion for Temporary Restraining Order Without Notice. ECF No. 6.  The plaintiff seeks to temporarily disable the domain name <onu.com> (the "Defendant Domain Name") and place the Defendant Domain Name on "lock" pending the hearing on its motion for preliminary injunction.  Good cause exists to enter the requested TRO.

      THE COURT HEREBY FINDS AS FOLLOWS:

      On or about October 25, 2013, the plaintiff paid $30,100.00 to acquire the <onu.com> domain name registration for its new ONU brand from NameJet, a domain name registration reseller located in the United States.  The plaintiff immediately moved the registration into its account with eNom, a domain name registrar located in the United States, and placed a "lock and hold" on the registration so as to protect the registration from an inadvertent transfer.  Plaintiff also filed for a trademark registration on the ONU mark in Germany.

      The plaintiff has been working on developing its ONU platform for its new business venture, as well as the brand and how it would be introduced into the market.  The plaintiff has spent hundreds of thousands of dollars and countless hours preparing for the launch of ONU, which was anticipated to occur by September 30, 2016.

      In or around November 2014, the plaintiff's representatives met with U.S.-based investors in California and New York, among others, to seek capital investment in ONU.  During these meetings, the plaintiff presented information about its ONU branded platform through various visual and printed media.  All such media conspicuously displayed the plaintiff's ONU

1

trademark. In anticipation of the impending launch, the plaintiff ensured the registration fees on the <onu.com> domain name registration were fully paid and that the registration was locked.

On or about May 30, 2016, the plaintiff's CEO received an email from a third party offering to sell the <onu.com> domain name registration to Plaintiff for $29,000.00. The plaintiff's CEO checked the plaintiff's eNom account and discovered the <onu.com> domain name registration was no longer there. It apparently had been stolen.

The plaintiff's account with eNom is maintained on a protected computer system and access to the account is restricted to only a limited number of people with the username and password for the account. The plaintiff conducted an internal investigation and concluded that the transfer had not occurred from within the company. The plaintiff spent several weeks attempting to resolve the issue with eNom and attempting to reclaim the <onu.com> registration, but to no avail.

Records indicate that the theft of the Defendant Domain Name occurred on or about March 19, 2016 and was perpetrated by an individual or organization located in China. In the three months following the theft, records show that the Defendant Domain Name was transferred at least five times, including between at least three Chinese registrants, a registrant in the Bahamas who shielded its identity through a privacy service, a registrant in Germany, and then to the current registrant in Austria. During this short time, the Defendant Domain Name was also transferred between two different registrars.

The plaintiff will suffer irreparable injury to its valuable trademark and associated goodwill and loss of trade if the Defendant Domain Name is not enjoined and restrained from being transferred to other domain name registrars or registrants and from use of the domain name. "In trademark cases, irreparable harm is typically found [where a plaintiff loses] control over [its] business reputation, loss of trade and loss of goodwill." *Maxim Integrated Prods., Inc. v. Quintana*, 654 F. Supp. 2d 1024, 1035-36 (N.D. Cal. 2009). *See also Robinson v. Delicious Vinyl Records Inc.*, 2013 WL 3983014, at *7 (C.D. Cal. Aug. 1, 2013) ("Courts have repeatedly found that losing control of one's reputation and good will in the marketplace supports the issuance of an injunction."). The plaintiff has and will continue to suffered irreparable harm

through loss of control over its business reputation, loss of trade, and loss of goodwill. The plaintiff has expended time and effort on marketing efforts and promotional activities to build its reputation, goodwill, and business under this domain name. In addition to filing a trademark application for its ONU mark, the plaintiff has invested hundreds of thousands of dollars and man hours developing its ONU platform and on marketing and promotional activities in the United States. The apparent theft of the registration for the Defendant Domain Name has and will continue to deprive Plaintiff of its ability to launch its ONU platform. As a result, the plaintiff has lost control of its business reputation and is suffering significant loss of trade and loss of good will, particularly as to the delay in the launch of the ONU platform.

The plaintiff will continue to suffer irreparable injury as long as the registrant of the Defendant Domain Name is permitted to remain unlocked. The registrant of the Defendant Domain Name can capitalize upon and profit from the ONU mark, by linking the Defendant Domain Name to an active website, or by simply selling and/or transferring the domain name to other persons. If the registrant transfers the domain name to another registrant, the plaintiff would be required to file additional lawsuits and keep chasing the Defendant Domain Name as it was passed among subsequent registrants. The issuance of a temporary restraining order will put a stop to the chase and permit the plaintiff the opportunity to enforce its rights without the need for multiple, successive lawsuits.

The plaintiff appears likely to succeed on the merits of its cybersquatting claim.

The balance of hardships tips in favor of the plaintiff because issuance of the temporary restraining order would merely place the infringing Defendant Domain Name on "lock" pending trial, and failure to issue the restraining order and injunction would cause the plaintiff to suffer additional irreparable injury and incur additional expense by depriving the plaintiff of using its ONU mark as a domain name on the Internet and allowing the registrant of the Defendant Domain Name to capitalize upon the plaintiff's intellectual property and good will without authorization or permission.

1  The issuance of a temporary restraining order is in the public interest because it would protect consumers against deception and confusion in the marketplace arising from registrant's use of the Defendant Domain Name by persons other than the plaintiff.

THEREFORE, IT IS HEREBY ORDERED THAT, pending a full trial on the merits:

A. World4You Internet Services GmbH (the domain name registrar) and/or Verisign, Inc. (the .com domain registry) shall immediately remove or disable the current domain name server information to the registration for Defendant Domain Name, place the domain name on "lock," and/or provide documents sufficient to establish control and authority regarding the disposition of the registration and use of the Defendant Domain Name with the Court.

B. A bond in the amount of $100.00 shall be required because the evidence indicates that the registrant of the Defendant Domain Name will suffer, minimal damage by the issuance of this temporary restraining order.

C. To ensure the registrant of the Defendant Domain Name receives timely notice of the hearing, given that the registrant of the Defendant Domain Name must maintain accurate contact information with the registrar, the plaintiff may, in addition to the requirements of service identified in Fed. R. Civ. P. 4 and 5, serve the Motion, this Order, and all other pleadings filed to date on the registrant of the Defendant Domain Name by e-mail transmission.

D. This temporary restraining order shall expire at 11:59 p.m. P.D.T. on September 23, 2016 unless otherwise extended or modified by order of this court.

E. The hearing on the plaintiff's motion for preliminary injunction will be conducted on **September 23, 2016, at 9:30 a.m**. in courtroom 6C at the Lloyd D. George Federal Courthouse, 333 South Las Vegas Boulevard, Las Vegas, Nevada.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

F. The Defendant Domain Name, and anyone acting on its behalf or claiming an interest in the Defendant Doman Name, shall file and serve its opposition papers, if any, no later than **September 21, 2016 at noon.** The plaintiff may file and serve its reply brief, if any opposition is filed, no later than **September 22, 2016 at noon.**

ENTERED this 13th day of September, 2016 at 1:50 p.m.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE